```
UNITED STATES DISTRICT COURT                        USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                       DOCUMENT
                                                    ELECTRONICALLY FILED
------------------------------------------------------------X   DOC #:_____
                                              :     DATE FILED: 4/21/2017
UNITED STATES OF AMERICA,                     :
                              Plaintiff,      :
                                              :            16 Cr. 676 (LGS)
              -against-                       :
                                              :         OPINION AND ORDER
JOSEPH LAW, et al.,                           :
                              Defendants.     :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Defendant Arodal Anderson ("Defendant") moves to dismiss the indictment, or in the alternative, for a bill of particulars and to sever his case from that of his co-defendant, Joseph Law. For the reasons below, Defendant's motions are denied.

I.  DISCUSSION

   A.  Motion to Dismiss the Indictment

Defendant's motion to dismiss the indictment is denied. The indictment is neither legally insufficient nor unconstitutionally vague.

"An indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Yannotti*, 541 F.3d 112, 127 (2d Cir. 2008) (quoting *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992)). Moreover, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *Id.* (quoting *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998)). "An indictment need not be perfect, and common sense and reason are more important than technicalities." *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (internal quotation marks omitted).

The indictment tracks the language of the statutes charged -- 21 U.S.C. § 846 and § 841 -- and states the approximate time and place of the alleged crime -- "[f]rom at least in or about 2013, up to and including in or about October 2016, in the Southern District of New York and elsewhere." *See Alfonso*, 143 F.3d at 776 (explaining that an indictment need do little more than track the language of the statute charged and state the time and place of the alleged crime). The indictment also identifies the narcotics involved in the alleged conspiracy. These facts are sufficient to inform Defendant of the crime charged and enable him to prepare his defense. *See, e.g.*, *United States v. Faison*, 393 Fed. App'x 754, 757 (2d Cir. 2010) (summary order) (internal quotation marks omitted) (affirming the district court's denial of a motion to dismiss the indictment because "the indictment . . . track[ed] the language of [the statute] . . . [and] stated adequately the object of the conspiracy -- possessing cocaine with intent to distribute it."). Defendant's assertion that the indictment must state specific facts is contradicted by the Second Circuit's "repeatedly refus[ing], in the absence of any showing of prejudice, to dismiss charges for lack of specificity." *United States v. Sullivan*, No. 102 Cr. 1144, 2004 WL 253316, at *2 (S.D.N.Y Feb. 10, 2004) (quoting *United States v. Walsh*, 194 F.3d 37, 45 (2d Cir. 1999)).

Defendant's argument that the evidence against him is legally insufficient to establish conspiracy also fails at this stage of the proceedings. "Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial . . . the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." *United States v. Perez*, 575 F.3d 164, 166–67 (2d Cir. 2009) (quoting *Alfonso*, 143 F.3d at 776–77). Here, the Government maintains that it has not made a full proffer of the evidence that it intends to introduce at trial. Nothing in the record, such as fully stipulated facts or a Government affidavit, suggests that the Government has made a full proffer. *See Alfonso*, 143 F.3d at 776–77

2

(reversing dismissal of an indictment based on sufficiency of the evidence where the government had not made a full proffer of the evidence, and comparing to *United States v. Mennuti*, 639 F.2d 107 (2d Cir. 1981), in which the government filed an affidavit making a full proffer). Defendant's motion based on the sufficiency of the evidence is denied as premature. The motion to dismiss the indictment based on insufficient pleading is also denied.

B.     **Motion for a Bill of Particulars**

Defendant requests, in the alternative, a bill of particulars that specifies: (1) the identities of persons involved in the alleged Drug Trafficking Organization ("DTO"); (2) details regarding the operation of the alleged DTO; and (3) details regarding the dates and locations of Defendant's involvement in the alleged DTO. Defendant is not entitled to these particulars, at this time, beyond what already has been disclosed.

Under Federal Rule of Criminal Procedure 7(f), a court "may direct the government to file a bill of particulars." "A bill of particulars enables a defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Ramirez*, 609 F.3d 495, 503 (2d Cir. 2010) (internal quotation marks omitted). It "is not a general investigative tool, a discovery device or a means to compel the government to disclose evidence or witnesses to be offered at trial." *United States v. Abakporo*, 959 F. Supp. 2d 382, 389 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also United States v. Bonventre*, 646 Fed. App'x 73, 79 (2d Cir. 2016) (summary order) (internal quotation marks omitted) (upholding the denial of a motion for a bill of particulars because "such evidentiary detail is not the function of the bill of particulars."). A bill of particulars "is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Chen*, 378 F.3d 151, 163 (2d Cir.

2004) (internal quotation marks omitted). "Moreover, a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." *Id.* (internal quotation marks omitted). "Whether to grant a bill of particulars is generally a decision entrusted to the sound discretion of the district court." *Ramirez*, 609 F.3d at 502.

The Superseding Indictment and the Government's additional disclosures to Defendant sufficiently apprise Defendant of the specific acts of which he is accused. The Superseding Indictment alleges that, from at least or around 2013 until around October 2016, Co-Defendant Joseph Law and Defendant intentionally and knowingly conspired to distribute and possess with the intent to distribute controlled substances. The Superseding Indictment further alleges that, "[i]t was a part and an object of the conspiracy that . . . the defendants . . . would and did distribute and possess with intent to distribute controlled substances . . . ." Lastly, the Superseding Indictment alleges that Defendant conspired with Joseph Law to distribute and possess with intent to distribute "500 grams and more of mixtures and substances containing a detectable amount of cocaine."

The Superseding Indictment is supplemented by discovery produced to Defendant, which the Government represents as including, among other things, Drug Enforcement Administration evidence vouchers and lab reports; subpoenaed materials from third parties; subscriber information and toll records; recordings of drug purchases; and the results of a search of Defendant's cell phones. The Government also represents that it provided search warrant affidavits that describe its investigation and evidence, as well as specific dates and times when Defendant communicated with his co-defendant about the alleged conspiracy.

"Courts in this District have routinely denied requests for bills of particulars," where, as

here, the defendant seeks to have the Government disclose the "wheres, whens, and with whoms of the crime." *United States v. Wey*, No. 15. Cr. 611, 2017 WL 237651, at *19 (S.D.N.Y. Jan. 18, 2017) (internal quotation marks omitted); *see also United States v. Torres*, 901 F.2d 205, 234–35 (2d Cir. 1990) (affirming denial of bill of particulars requesting information about when the defendant was "alleged to have joined" the narcotics conspiracy, the identities of co-conspirators and the "precise dates and locations" of overt acts), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36,41 (2d Cir. 2010); *United States v. Parris*, No. 13 Cr. 17, 2014 WL 2745332, at *5 (S.D.N.Y. June 17, 2014) (citation omitted) ("It is well settled that defendants need not know the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the Government intends to adduce to prove their criminal acts."). As Defendant has failed to justify his asserted need for a bill of particulars, the motion is denied.

  **C.** **Motion to Sever**

Defendant's motion to sever the trial of his case from that of his co-defendant, Joseph Law, also is denied. Under Federal Rule of Criminal Procedure 14(a), a district court may grant severance of defendants if "joinder . . . appears to prejudice a defendant or the government." However, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States,* 506 U.S. 534, 537 (1993). "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. Even where the risk of prejudice is high, "'less drastic measures [than severance], such as limiting instructions, often will suffice' to cure any risk of prejudice and permit joinder." *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (quoting

*Zafiro*, 506 U.S. at 539). Whether to grant a motion to sever is "confided to the sound discretion of the trial court." *United States v. Freyer*, 333 F.3d 110, 114 (2d Cir. 2003).

Defendant's claim that "the obvious disparity in scope" between his and Joseph Law's involvement in the alleged conspiracy will "handicap" his defense is insufficient to warrant separate trials. "[D]iffering levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials. Even joint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible." *United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003) (internal quotation marks omitted). Much of the evidence against Defendant's alleged co-conspirator may be admitted against Defendant, insofar as it is "relevant to proving the nature and scope of the conspiracy in which both were, to differing degrees, involved." *Id.* at 56. To the extent that evidence admitted against Joseph Law is inadmissible against Defendant, the Court can instruct the jury "to assess the evidence against each defendant separately." *See United States v. Feng Ling Liu*, No. 12 Cr. 934, 2014 WL 917048, at *2 (S.D.N.Y. Mar. 7, 2014) (quoting *United States v. Villegas*, 899 F.2d 1324, 1347 (2d Cir. 1990)). Defendant does not offer an explanation as to why such a limiting instruction would be inadequate to counter any potential prejudice. Because Defendant's claim of spillover prejudice is too generalized and speculative to necessitate severance, his motion is denied.

## II. CONCLUSION

Defendant's motions to dismiss the indictment, or in the alternative, for a bill of particulars and to sever are DENIED.

The Clerk of Court is directed to close the motion at Docket Number 35.

Dated: April 24, 2017
      New York, New York

                                          LORNA G. SCHOFIELD
                                    UNITED STATES DISTRICT JUDGE